**ATCHLEY & DELGADO, LLP**
ATTORNEYS AT LAW
1819 E. SOUTHERN AVE, SUITE A-10
MESA, ARIZONA 85204
(480) 497-5009
FAX (480) 497-5029
mark@arizonabk.com

Mark R. Atchley  21419
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | Walter Joseph Hall | Chapter 13 Case No. 09-22646 RJH |
| SS: | xxx-xx-2070 | |
| | | CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE |
| | Debtor. | |

Debtor proposes the following Chapter 13 Plan:

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following property and future income to the Trustee for distribution under the Plan:

    a. **FUTURE EARNINGS OR INCOME** Debtor shall make monthly payments to the Trustee, on or before the fourteenth (14th) day of each month, in accordance with the following schedule:

    | Month | Date | Payment |
    |---|---|---|
    | 1—36 | Oct 2009 to Sept 2012 | $321 |

    b. **OTHER PROPERTY.** Debtor shall provide to the Chapter 13 Trustee copies of his/her tax returns, State and Federal, when filed, for tax years 2009 and 2010. All other property turned over to Trustee will be advance Plan payments.

2. **DURATION.** This Plan shall continue for 36 months from the first payment. If at any time before the end of this period all claims are paid, the Plan shall terminate. Any funding shortfalls due to the accumulation of interest caused by the debtor's late payments or otherwise must be cured prior to the discharge of Debtor.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as set forth below. **This Plan and the Order Confirming shall not constitute an informal proof of claim for any creditor.**

    a. **ADMINISTRATIVE EXPENSES.**

    1) **Trustee's Fees:** The trustee shall receive the percentage of each monthly payment made by the debtor in an amount as may be approved by the U.S. Trustee from time to time, not to exceed 10%.
    2) **Attorney's Fees:** Debtor has agreed to pay a base fee of $4,000 of which the sum of $2,800 will be paid through the plan prior to commencement of payments on any claims listed hereafter. In the event that said fees and costs exceed the base amount stated herein, an Application for Interim Compensation of Fees and Costs shall be prepared, filed and noticed to all creditors of the Debtors. Upon approval of said application, the Stipulated Order of Confirmation shall provide for the payment of the additional approved fees and costs.

b. **CLAIMS SECURED BY REAL PROPERTY.**

Secured Creditors with Arrearage on Real Property: The following creditor(s) shall retain a security interest in the real property and the Trustee shall have no interest in or claim to the property securing the claim. **Regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan.** No payment shall be deemed late, and the agreement which is the basis for a claim shall not be deemed in default as a result of the arrearage cured under this Plan. The estimated arrearage listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation. The adjustment shall be made to reflect the amount of the arrearage as provided by the creditor by letter to counsel or in a Proof of Claim subject to Debtor filing an objection to any amount set forth in the proof of claim which Debtor may question. Creditor shall accept full responsibility for its own attorney's fees incurred in connection with the filing of a proof of claim. Should creditor file an objection based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation based upon the amount set forth in a letter to counsel or the Proof of Claim filed by the creditor, creditor accepts full responsibility for its own attorney's fees in connection with the objection. The arrearage as adjusted, which shall include late charges but not legal fees unless incurred as the result of the initiation of a foreclosure or Trustee's Sale, shall be cured within the length of this Plan.

Debtor's opinion as to the value of the real property: $95,000.

The estimated arrearages are as follows. Debtor will pay interest on the arrearages at the rate of 0%.

| CLAIMANT | SECURITY | ARREARAGE |
|---|---|---|
| America's Servicing Company | Residence | $7,600 |

**Creditor Bank of America's second position deed of trust on Residence is fully unsecured due to lack of remaining equity in the house after the first deed of trust. Debtor will be filing a separate motion to avoid the lien, and no payments will be made on the underlying note.**

c. **CLAIMS SECURED BY PERSONAL PROPERTY.** None

d. **PRIORITY CLAIMS.**

1) The following priority tax claims shall be paid in full without post-petition interest. Payments on tax claims shall begin after payment of administrative expenses and any secured claims. Any liens held by the respective tax agencies will be deemed extinguished and are to be released upon completion of this Plan. Priority claims are to be paid as follows:

   A. Taxes paid as priority claims:  None
   B. Paid as claim for child support:  None

2) Debtor will initial the following correct answer regarding filed/unfiled income tax returns.

   ___wjh___  Yes, I certify that I have filed all required income tax returns, both state and federal.

e. **ENGAGED IN BUSINESS.** If the Debtor is engaged in business, monthly business operating statements must be filed with the Court. Debtor will initial the following, as applicable:

   ___wjh___  No, I am not engaged in business.

f. **UNSECURED CLAIMS.** All other claims shall be classified as unsecured with any claims of security interest in property being avoided. Unsecured claims shall be paid, after all other allowed claims have been paid, the balance of payments under the Plan, pro rata allowed in full satisfaction thereof, except for any disputed or rejected claims. Any amounts unpaid shall be discharged. The Plan meets requirements of Code and achieves Chapter 7 reconciliation. The distribution to unsecured creditors stated in the Plan Analysis is only an estimate. The actual distribution to unsecured creditor may be less if claims, funding and/or duration of the Plan as confirmed differs from the original proposal set forth herein.

4. **LIEN AVOIDANCE.** Debtor may elect to avoid the fixing of liens pursuant to §522(b) of the Bankruptcy Code. All other secured creditors shall retain their liens until paid as provided for by this Plan. Debtor will file appropriate Motion if necessary.

5. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the Order Confirming the Plan. Property of the estate shall vest in the Debtor upon discharge of the Plan unless otherwise stated in the Order confirming the Plan. Prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect on all real and personal property of the estate until the discharge or dismissal of this proceeding.

6. **GENERAL PROVISIONS.**

   a. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.
   b. The automatic stay granted pursuant to 11 U.S.C. Section 362 and 1301 shall remain in full force and effect with respect to pre-petition claims until further order of this Court.

   APPLICATION FOR ADMINISTRATIVE EXPENSE PURSUANT TO RULE 2016(a)

1. Debtor's attorney Mark R. Atchley was paid $1,200 prior to the filing of the Chapter 13 proceeding, and also received the $274 Court filing fee, and was to collect the balance of fees of $2,800 in the Plan. This is the Debtor's attorney's first fee application in this case. This fee does not include the fee of $200 per hour for contested matters which may arise in the future. Debtor's attorney will file another fee application should a contested matter issue arise.

2. The source for these fees and expenses is the Chapter 13 Plan payments held by the Chapter 13 Trustee in trust. These fees have been allowed for in computing the Chapter 13 Plan.

3. The services rendered include, but are not limited to, the following:

   (a) analysis of the financial situation, and rendering advice and assistance to the Debtor in determining whether to file a petition under Title 11 of the United States Code; formulation of plan contents and calculation of proposed plan capable of confirmation subject to 11USC 1322 and 1325; counseling regarding the outcome of the successful, confirmed plan versus failure upon dismissal or conversion of the case;
   (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the Court, and the mailing of the Chapter 13 Plan and bar notice to all interested parties;
   (c) representation of the Debtor at the meeting of creditors and confirmation hearing(s) (if any);
   (d) consultation, negotiations and conferences with creditors, and their attorneys and other interested parties; resolution of objections, classifications and claims that differ from the proposed plan; responses to motions for relief prior to confirmation; preparation of the Stipulated Order of Confirmation and circulation thereof to signatories.

4. These fees are to be paid as an administrative expense prior to secured and priority debts under 11 U.S.C. Section 507(a)(1), 11 U.S.C. Section 5030 and 11 U.S.C. Section 330. There are no other professionals other than Debtor's attorney whose time is included in this fee request. The fees are not being shared.
DATED this 9th day of September, 2009.


  /s/ Walter Joseph Hall
Walter Joseph Hall
Debtor


ATCHLEY & DELGADO, LLP


  /s/ mra 21419
by: Mark R. Atchley, Esq.
Attorney for Debtor

# FORM 13-2   PLAN ANALYSIS

_____ Debtor received a discharge in a case under chapter 7, 11, or 12 during the 4-year period, or in case filed under chapter 13 during the 2-year period, preceding the date of order for relief in this case

_____ Debtor's CMI multiplied by 12 exceeds the median income.

---

## TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  PRIORITY CLAIMS

|   |   |   |   |
|---|---|---|---|
| 1. | Unpaid attorney's fees…………………………………………………… | $ | 2,800 |
| 2. | Domestic support obligation…………………………………………….. | $ | 0 |
| 3. | Taxes…………………………………………………………………….. | $ | 0 |
| 4. | Other……………………………………………………………………... | $ | 0 |

B.  PAYMENTS TO CURE DEFAULTS………………………………………..  $   7,600

C.  PAYMENTS ON SECURED CLAIMS……………………………………...  $   0

D.  PAYMENTS ON GENERAL UNSECURED CLAIMS……………………..  $   0

E.  SUBTOTAL…………………………………………………………………...  $   10,400

F.  TRUSTEE'S COMPENSATION (10% of Debtors' payments)…………..…..  $   1,155

G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES…………………….  $   11,555

---

## RECONCILIATION WITH CHAPTER 7

(a)  Best Interest of Creditors Test:
1.  Value of Debtors' interest in nonexempt property………………………. $
2.  Plus: value of property recoverable under avoiding powers…………….. $
3.  Less: estimated Chapter 7 expenses……………………………………… $
4.  Less: amounts payable to priority creditors other than costs of administration………………………………………..………………… $
5.  Equals: estimated amount payable to unsecured nonpriority creditors if Debtor had filed Chapter 7…………..…………………………… $

(Section (b) to be completed by debtors whose CMI exceeds the state's median income)

(b)  Section 1325(b) Analysis (if debtor's CMI multiplied by 12 exceeds applicable median income:
   (1) Amount from Line 58 of Statement of Current Monthly Income……. $
   (2) Applicable Commitment Period…………………………………………   60 months
   (3) Amount required to pay to unsecured creditors ((b)(1) times 60)…… $

(c)  ESTIMATED DIVIDEND FOR UNSECURED, NONPRIORITY CREDITORS UNDER THE PLAN (Greater of (a)(5) or (b)(3))……………………………… $

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.**